IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 1:21-CR-00181 |
| | § | |
| DANIEL RAY CALDWELL | § | |

**DEFENDANT'S MOTION TO REVOKE OR AMEND**
**MAGISTRATE'S ORDER OF PRETRIAL DETENTION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the Defendant, **DANIEL RAY CALDWELL**, by an through undersigned counsel, pursuant to U.S.C. § 3145(b), and hereby moves this District Court to conduct a de novo review of the facts in this case relating to the Magistrate's order of March 5, 2021 [Doc. 8, pg. 16 - 23], and revoke this order of Detention.  By virtue of this order, Mr. Caldwell is currently detained awaiting the resolution of the above-styled and numbered criminal case.  Mr. Caldwell moves this court to release him subject to conditions of release during the pendency of the above-styled and numbered criminal case.  Mr. Caldwell would request oral argument to aid in the determination of the motion.  In support of this motion, Mr. Caldwell would respectfully show unto the Court as follows.

I.

PROCEDURAL HISTORY

Mr. Caldwell has been charged in a seven-count indictment. [Doc. 5].  On February 22, 2021, detention hearing was held before United States Magistrate Judge Kimberly Priest Johnson. [Doc. 8, pg. 11].  After hearing the evidence and arguments of counsel, the Magistrate

ordered Mr. Caldwell detained, and indicated that it would issue a ruling after it reviewed some additional evidence. *See* Exhibit A, February 22, 2021, Transcript of Detention Hearing at pg. 84, line 24- pg. 85, line 1-6. Following the hearing on February 22, 2021, the court continued the Detention hearing for March 4, 2021, to consider another third party custodian. [Doc. 8, pg. 15], *See* Exhibit B, March 4, 2021, Transcript of Detention Hearing at pg. 1-20.. Judge Johnson issued her findings via a written order of detention filed on March 5, 2021. [Doc. 8, pg. 16-23]. The court's justification for detention was as follows:

> "There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses: an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which the maximum term of imprisonment of 10 years or more is prescribed; The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis; There is clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community; In addition to any findings above or other findings made on the record at the hearing, the reasons for detention include the following: weight of evidence against the defendant is strong, subject to lengthy period of incarceration if convicted, prior criminal history, history of violence or use of weapons, history of alcohol or substance abuse, lack of stable employment, lack of significant community or family ties to the charging district." [Doc. 8, pg. 16-23].

Mr. Caldwell remains in the custody of the United States Marshals. A status hearing in this cause is currently scheduled for June 2, 2021.

### III.

### LEGAL AUTHORITY

A.   <u>**Standard of Review for Detention**</u>

In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception. *United States v. Salerno*, 481 U.S. 739, 755, 107 S.Ct. 2095, 95

L.Ed.2d 697 (1987).

A motion under 18 U.S.C. § 3145(b) for review of a magistrate judge's detention order requires the Court promptly to examine de novo whether there are conditions of release that will reasonably assure the safety of any other person and the community. *United States v. Sheffield*, 799 F.Supp.2d 18, 19–20 (D.D.C.2011); see 18 U.S.C. § 3145(b). "The Court is free to use in its analysis any evidence or reasons relied on by the magistrate judge, but it may also hear additional evidence and rely on its own reasons." *Id.* at 20 (quoting *United States v. Hanson*, 613 F.Supp.2d 85, 88 (D.D.C.2009)); *see also United States v. Anderson*, 384 F.Supp.2d 32, 33 (D.D.C.2005); *United States v. Karni*, 298 F.Supp.2d 129, 130 (D.D.C.2004) (*citing United States v. Hudspeth*, 143 F.Supp.2d 32, 35–36 (D.D.C.2001)).

The Bail Reform Act of 1984 provides a "regulatory device ... to provide fair bail procedures while protecting the safety of the public and assuring the appearance at trial of defendants found likely to flee." *United States v. Montalvo–Murillo*, 495 U.S. 711, 719–720, 110 S.Ct. 2072, 109 L.Ed.2d 720 (1990). Under the Bail Reform Act, 18 U.S.C. § 3141 et seq., a judicial officer "shall order" a defendant's detention before trial if, after a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id*. § 3142(e). The judicial officer considering the propriety of pretrial detention must consider four factors: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal Crime of Terrorism, or involves a minor victim or controlled substance, firearm, explosive, or destructive device; (2) the weight of evidence against the person; (3) the history and characteristics of the person, including - (A) the

person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *Id.* § 3142(g).

### III.

### ARGUMENT

**A.     The Government wholly failed to carry their burden that Mr. Caldwell should be detained pending trial.**

During the detention hearing held on February 22, 2021 and March 4, 2021, the Government's presentation to detain occurred through the testimony of FBI Agent Seth Webb. *See* Exhibit A, pg. 4 -45.  His testimony focused on Mr. Caldwell's actions on January 6, 2021 at the United States Capitol Building. *See* Exhibit A, pg. 4 - 19.  Agent Webb indicated that Mr. Caldwell would be a danger to the community if he was released based on his criminal history. *See* Exhibit A, pg.18, line 11-14.

Additionally, the Government relied on information from a confidential informant that Mr. Caldwell was a "huge white supremacist" and brought real firearms on a airsoft course. *See* Exhibit A, pg. 10, line 5-25.

The Government indicated that Mr. Caldwell was a risk of nonappearance for several reasons.  *See* Exhibit A, pg. 19, line 11-15.  First, he was a risk of non appearance because he had

no ties to the District, and he was fired from his job at Texas Instruments. *See* Exhibit A, pg. 19, line 17-21.

It is without a doubt, the following facts are true regarding Mr. Caldwell and January 6, 2021: Mr. Caldwell drove from Texas to the District of Columbia; Mr. Caldwell was present on the capital grounds with 1200 plus supporters of the protest; Mr. Caldwell provided an interview to Pro Publica. The above is facts beyond change.

However, the additional evidence produced by the Government is without merit, conjecture, and conclusory without any substance. This is opposite of the man that stands before this honorable court. Mr. Caldwell is a honorably discharged United States Marine, who served five plus years for his country. Mr. Caldwell is a man that had worked in the semiconductor industry for 25 plus years. He worked for Texas Instruments on two separate occasions. His last stint with Texas instruments he worked for twelve (12) years. He is a dedicated father to three children who has lived the last 10 years in The Colony, Texas.

Mr. Caldwell is not a danger to the community because of his criminal history. Mr. Caldwell has the following criminal convictions: 1) Driving While Intoxicated - 2006; 2) Disorderly Conduct - 2008 (Class C Misdemeanor - same level of offense as a speeding ticket); 3) Driving While Intoxicated and Resisting Arrest - 2014. *See-* Pretrial Service Report. Mr. Caldwell has never been arrested, charged, or convicted of a felony offense until the instance case. *See* Exhibit A, pg. 34, line 12-14. Mr. Caldwell has never been charged with a firearms offense or a crime of violence. *See* Exhibit A, pg. 35, line 5-9. At the hearing, Judge Johnson had concerns about his prior arrest for Assault Causing Bodily Injury - Family Violence against his ex-wife Kambria Caldwell and her serving as a third party custodian. We understand the

court's concern, but for argument purposes Mr. Caldwell and his ex-wife have lived together for the past 5 years raising their children without incident. See Exhibit A, pg. 47, line 11-13.

Mr. Caldwell is not a risk of nonappearance. This position by the Government is conjecture and conclusory. The evidence produced at the hearing indicated an individual that didn't even have a passport and had not left the United States in 12 years. *See* Exhibit A, pg. 33, line 19-25. Agent Webb testified that the defendant had never before failed to appear in court. *See* Exhibit A, pg. 35, line 2-4. Also, when he has been given terms and conditions of probation in his prior criminal cases, he has never failed to follow the conditions that led to a revocation of probation. *See* Pre-Trial Service Report. Furthermore, the Government attempts to make a logical leap that Mr. Caldwell is not from the district and lost his job then he will not appear. The Government did not produce any credible evidence that would support this conclusion.

Judge Johnson even had concerns about the lack of corroboration as it related to Agent Webb's testimony regarding the implication that Mr. Caldwell was a white supremacist, brought firearms to the airsoft course, and his social media. *See* Exhibit A, pg. 26-31. However, Judge Johnson had concerns about Kambria Caldwell serving as a third-party custodian because of past relationship issues. *See* Exhibit A, pg. 83, line 17-25, pg. 84, line 1-11. Additionally, Judge Johnson had concerns about Mr. James Caldwell serving as a third party custodian ane whether he would be able to enforce conditions of release.[Doc. 8,pg 21-22]. Contrary to Judge Johnson, we believe that James Caldwell can properly serve as a third party custodian.

Lastly, the Pre-Trial Services Report found that there were conditions where Mr. Caldwell could be released.

**B.** **There are conditions which could be imposed to reasonably assure the Mr.**

6

**Caldwell's presence and the safety of the community.**

This Court has at its disposal a myriad of options that it could utilize to craft a set of conditions which would assure not only the safety of the community, but Mr. Caldwell's continued appearance at any future court settings. Mr. Caldwell would be willing to abide any conditions this Court feels is reasonable, including, but not limited to: the surrender of his passport; GPS monitoring; being released into the custody of a third-party custodian; restrictions on internet usage and communications; home confinement; alcohol and substance abuse counseling, and any other conditions the Court thinks necessary to ensure Mr. Caldwell's compliance.

The conditions listed about would be totally opposite to his current conditions. At present, the defendant has been in solitary confinement for 23 hours a day since he arrived to the district.. His current incarceration status is that which is commonly utilized by those that are serving a sentence on death row.

**IV.**

**CONCLUSION AND PRAYER FOR RELIEF**

Mr. Caldwell is not a risk of nonappearance/flight or a danger to the community. A finding to the contrary is and would be improper given the lack of evidence for either. As such, detention of Mr. Caldwell would be improper pursuant to the Bail Reform Act. Therefore, defendant requests that this Court conduct a *de novo* review of the facts and circumstances surrounding the detention of Mr. Caldwell, to then revoke the Detention Order issued on March 5, 2021, and release Mr. Caldwell on a combination of conditions to reasonably assure his appearance and safety to the community.

Respectfully submitted,

**JOHN HUNTER SMITH**
WYNNE & SMITH
707 W. Washington
P.O. Box 2228
Sherman, Texas 75091-2228
Telephone:    903/893-8177
Telecopier:   903/892-0916
jsmith@wynnesmithlaw.com


By: */s / John Hunter Smith*
   **JOHN HUNTER SMITH**
   State Bar No. 24028393

ATTORNEY FOR DEFENDANT


**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this Motion was provided to with Mr. James Dennis Peterson and Ms. Puja Bhatia, Assistant United States Attorneys via CMECF/PACER on April 26, 2021.

*/s/ John Hunter Smith*
John Hunter Smith