UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 21-CR-00181-CKK |
| | : | |
| **DANIEL RAY CALDWELL** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## SUPPLEMENTAL OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF PRE-TRIAL RELEASE [ECF No. 37]

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this supplemental memorandum in opposition to the defendant, Daniel Ray Caldwell, being released from pre-trial detention, and in opposition to his motion for reconsideration. ECF No. 37 and the December 2, 2021 Minute Entry directing the government to address "the now availability of a suitable third party custodian" claim by defendant.

The potential third-party custodian identified by the defense, Barbara Jacquelyn Caldwell, does not satisfy the need for conditions or a combination of conditions which will reasonably assure the appearance of the defendant as required and ensure the safety of any other person and the community. The defendant should be detained pending trial pursuant to 18 U.S.C. § 3142(f)(1)(A) [Crime of Violence]. Moreover, the defendant should be detained pending trial pursuant to 18 U.S.C. §§ 3142(e) and (f)(2). The Court should order the defendant detained because there are no conditions or combination of conditions which will reasonably assure the appearance of the defendant as required and ensure the safety of any other person and the community.

## ARGUMENT

As described in Magistrate Judge Johnson's order, several third-party custodians were presented by defense as suitable places for Caldwell to live: James Caldwell, the defendant's father and Kambria Caldwell, the defendant's ex-wife. However, Ms. Caldwell, the defendant's ex-wife, would not provide details of the defendant's estrangement from his mother and two brothers. Order of Det. 5, ECF No. 11. Judge Johnson found that neither custodian was appropriate as placement for the defendant. Among other things, the Court found that Ms. Caldwell may not truthfully contact the Court if the defendant violated conditions of his release. Mr. James Caldwell, the defendant's father, was unaware of the defendant's previous acts of violence which may result in his being unable to enforce conditions of release and similarly, the Court found, casts doubts on whether he would truthfully contact the Court if the defendant violated conditions of his release. Order of Det. 7, ECF No. 11. Specifically, this Court observed that "Magistrate Judge Johnson concluded that neither Ms. Caldwell nor Mr. Caldwell would be a suitable third-party custodian, noting a lack of confidence that either family member would promptly and truthfully contact the court if Defendant Caldwell violated a condition of his release." ECF No. 25, pg. 10. Finding nothing in the record to call into question the Magistrate Judge's holding regarding the third-party custodians, this Court held "Based on the current record, the Court concludes that clear and convincing evidence supports a finding that no condition or combination of conditions will reasonably assure the safety of the community. Accordingly, the Court orders that Defendant Caldwell remain detained pending trial." ECF No. 25, pg. 14.

Defendant claims that "the now availability of a suitable third-party custodian individually and collectively warrant reconsideration" of the detention order. Defendant now

offers Barbara Jacquelyn Caldwell, Mr. Caldwell's step-mother, as a third-party custodian. Defendant proffers that she is over the age of 18, maintains a stable residence in Eustace, Texas along with her husband, and that she has known Mr. Caldwell for more than 40 years. ECF No. 38, pg. 14. Little else is known or proffered.

The defendant has made no showing concerning Barbara Jacquelyn Caldwell's suitability as a custodian that would enable the Court or government to adequately assess whether this arrangement might satisfy the conditions or combination of conditions which will reasonably assure the appearance of the defendant as required and ensure the safety of any other person and the community. That is particularly true when the Court has previously found that other family members offered by the defendant were not sufficient to do so.

Moreover, the existence of Ms. Caldwell is not "new" information. The Court can reconsider pretrial detention at any time before trial if the judicial officer finds that "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2); *United States v. Bikundi*, 73 F. Supp. 3d 51, 54 (D.D.C. 2014). In other words, the statute requires that a movant provide information that is both "new" and "material." *See United States v. Lee*, 451 F. Supp. 3d 1, 5 (D.D.C. 2020).

1. **Additional information concerning pre-trial detention access to discovery materials.**

Subsequent to the filing of its opposition to the motion to reconsider the defendant's pre-trial detention, the government filed a status update in the case *United States v. Dominic Pezzola*, CASE NO. 21-cr-52-1 (TJK) addressing the issue, in part, of inmate access to electronic

discovery. Because that filing touches on issues raised in the defendant's amended filing, the government includes it here as Exhibit A.

## CONCLUSION

The defendant has not proffered any new facts that would materially alter this Court's decision to detain the defendant, following a thorough consideration of his claims on May 21, 2021. For the foregoing reasons, and any as may be cited at a hearing on this motion, the defendant's motion should be denied.

                    Respectfully submitted,

                    MATTHEW M. GRAVES
                    UNITED STATES ATTORNEY
                    DC BAR NO. 481052

                    */s/ James D. Peterson*
                    JAMES D. PETERSON
                    VA Bar 35373
                    James D. Peterson
                    Trial Attorney
                    Criminal Division
                    United States Department of Justice
                    1331 F Street N.W.
                    6th Floor
                    SAUSA
                    U.S. Attorney's Office for the District of Columbia
                    Washington, D.C. 20530
                    (202) 353-0796
                    James.d.peterson@usdoj.gov