IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | Case No.: 1:21-cr-00181 (CKK) |
| DANIEL RAY CALDWELL, | : | |
| Accused. | : | |

**DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION FOR
RECONSIDERATION OF DEFENDANT'S MOTION FOR RELEASE**

Comes now, the defendant DANIEL RAY CALDWELL, by and through counsel and hereby submits this reply brief to the Government's Opposition to his motion for reconsideration of this Honorable Court's denial of his request for the setting of conditions of release. For the reasons outlined in his motion for reconsideration and those detailed below, Mr. Caldwell again urges this Honorable Court to set conditions of release.

**I. Controlling Law**

There is no dispute between the parties as to the applicable law.  Mr. Caldwell seeks reconsideration of this Honorable Court's denial of his request for the setting of conditions of release pursuant to the Bail Reform Act.  As the government correctly notes, the Court is empowered to reconsider a pretrial detention order "at any time before trial if the judicial officer finds that 'information exists that was not known to the moving at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.'"  *See* Opposition to Defendant's Motion for Reconsideration of Pre-Trial Release, p. 12 *citing* 18 U.SC. 3142(f)(2); *United States v. Bikundi,* 73 F. Supp. 3d 51, 54 (DDC 2014).

1

II.  **"New" and "Material" Information Now Exists Which Support Setting Conditions of Release.**

While the parties do not dispute the law governing the disposition of the instant issue before the Court, the government refutes Mr. Caldwell's claim that new and material information not previously considered by the Court has been submitted.  Notwithstanding the Government's position, Mr. Caldwell clearly has presented both new and material information upon which this Honorable Court could rely upon to reconsider his detention.

A.  **Evidence Rebutting The Government's Claim of Mr. Caldwell's Pre-Planning.**

In the Government Opposition, Dkt. 39, as well as in previous filings it has consistently maintained that evidence of Mr. Caldwell's pre-planning to engage in violent and dangerous behavior at the United States Capital supports the conclusion that he is a "danger."  The government has further relied on it as demonstration of his individual actions which supports his "dangerousness" as detailed in *Chrestman.  See* Government's Opposition, p. 21.  In doing so, the Government places significant weight in Mr. Caldwell's use of a Boafeng walkie-talkie and the wearing of eyewear during the events as described in the pending indictment on January 6, 2021.

Although the government refutes Mr. Caldwell's reasoning for his use of both items, the government can not credibly deny the fact that the defendant's reasoning for using the Boafeng walkie-talkie and eyewear as outlined in his motion for reconsideration qualifies as "new."  Unlike before, the defendant has now presented evidence that his possession of the Boafeng walkie-talkie was not for a nefarious purpose as suggested by the government.  Instead, it was merely being used as a device to monitor media reports of the events transpiring on January 6, 2021.  While the government may not credit such an account, it continues to fail to identify <u>anyone</u> whom the defendant used the Boafeng walkie-talkie to communicate with on the subject date.  Assuming *arguendo* that the government could demonstrate that the defendant used the device to

communicate with <u>someone</u>, the government clearly is not in a position to assert <u>who</u> the defendant actually used the device to communicate.  It is noteworthy that the government has not charged Mr. Caldwell with a conspiracy offense.  Nor has it ever presented any information or argument that Mr. Caldwell in fact coordinated his alleged criminal conduct with anyone.

The same is true with respect to the defendant's new information presented concerning the use of eyewear.  While the government may wish to refute the information Mr. Caldwell now presents concerning his reasoning for employing eyewear on January 6, 2021, it can not credibly claim that such information is not "new."

Taking in context the information now presented by Mr. Caldwell in his motion for reconsideration with respect to both the Boafeng radio and eyewear qualify as "new."  The information is also "material" as it impacts the Court's analysis under the *Chrestman* factors. Specifically, the information negates the government's claim that Mr. Caldwell is particularly "dangerous" and arrived at the U.S. Capital with the clear intent to engage in violent behavior. Therefore, Mr. Caldwell submits that this alone satisfies the "new" and "material" information necessary to support reconsideration.

**B.  Availability of Third-Party Custodian and Availability of GPS Monitoring.**

In his request for reconsideration Mr. Caldwell for the first time tenders to the Court the identity of a suitable third party custodian.  Prior to doing so, this Honorable Court had previously rejected two other proffered third party custodians.  In opposing Mr. Caldwell's request for reconsideration the government devotes considerable argument to addressing the <u>previously</u> rejected third party custodians, but fails to make any effort to address the suitability of the newly tendered third party custodian.  The newly proffered third party custodian is clearly "new" information.  It is "material" to the Court's consideration of whether there are "no condition or

conditions of release" that could support release as required under the Bail Reform Act.

In addition, the availability of GPS monitoring also qualifies as "new" information.  In the Court's memorandum opinion it noted the unavailability of GPS monitoring as a concern.  At the time, the Court was erroneously advised that GPS monitoring for the Eastern District of Texas was not available.  Contrary to this information, Mr. Caldwell has now proffered to the Court that GPS monitoring is available.  This in combination with his newly identified third party custodian qualifies as "new" information.  Again, it addresses directly whether there now exists "conditions" which would satisfy the statutory concerns of the Bail Reform Act.

C. **Detention Conditions Adverse Impact on Constitutional Rights**

It appears the government does not dispute whether the proffered detention conditions as described qualifies as "new" information.  Instead, the gravity of the government's opposition centers on (1) questioning the degree of the adverse impact; and (2) arguing that it is not an appropriate factor in evaluating the Bail Reform Act.

In responding to Mr. Caldwell's request for reconsideration the government fails to recognize the adverse impact on his ability to exercise his Constitutional rights.  The government further fails to acknowledge such detention conditions are tantamount to punishment being imposed on Mr. Caldwell despite the presumption of innocence he is entitled.  As previous courts have noted, the detainee is not in the position of the convicted prisoner who has been "constitutionally deprived of his liberty to the extent that the State may confine him and to subject him to the rules of its prison system." *Meachum v. Fano,* 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). *See Bounds v. Smith,* 430 U.S. 817, 840, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977) (Rehnquist, J., dissenting). The presumption of innocence is a shield that prevents "the infliction of punishment prior to conviction." *Stack v. Boyle,* 342 U.S. 1, 4, 72 S.Ct.

1, 3, 96 L.Ed. 3 (1951). The very conditions of confinement are additional deprivations of liberty. They are also punishment, *Cummings v. Missouri,* 71 U.S. (4 Wall.) 277, 321-22, 18 L.Ed. 356 (1867); *Brown v. Wilemon,* 139 F.2d 730, 732 (5th Cir.), *cert. denied sub nom., Wilemon v. Bowles,* 322 U.S. 748, 64 S.Ct. 1151, 88 L.Ed. 1579 (1944), and, as the restrictions of the jail accumulate, the detainees's punishment becomes more severe.

It is noteworthy that since the filing of Mr. Caldwell's Amended Motion for Reconsideration his conditions of confinement have worsen. He is currently on lockdown 22 hours a day in solitary confinement. This further restricts his ability to review discovery, prepare his defense, and access to counsel.

Mr. Caldwell submits that the conditions at the Central Treatment Facility are depriving him of his Constitutional rights pursuant to the 5th, 6th, and 8th Amendments. This Honorable Courts should not ignore the impact on these fundamental rights. Mr. Caldwell submits not withstanding the narrow reading of the Bail Reform Act presented by the government, this Honorable Court should place a greater premium on the protection of his fundamental Constitutional rights.

**III.    Conclusion**

For the reasons stated herein and those that may become evident at any hearing on this matter, Mr. Caldwell respectfully requests that this Honorable Court set conditions of release.

I ASK FOR THIS:

_____/s/_____
Robert L. Jenkins, Jr., Esq.
U.S. District Court Bar No.: CO0003
Bynum & Jenkins Law
1010 Cameron Street
Alexandria, Virginia 22314
(703) 309 0899 Telephone
(703) 549 7701 Fax

RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant DANIEL RAY CALDWELL

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a true and accurate copy of the foregoing to be served upon all counsel of record via ECF on December 27, 2021.

_____/s/_____
Robert L. Jenkins, Jr., Esq.
U.S. District Court Bar No.: CO0003
Bynum & Jenkins Law
1010 Cameron Street
Alexandria, Virginia 22314
(703) 309 0899 Telephone
(703) 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant DANIEL RAY CALDWELL