UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

                                                         21-CR-00181

    v.

DANIEL RAY CALDWELL.
        Defendant.

## DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN AID OF SENTENCING

Comes now, pursuant to Section 6A1.2 of the *Federal Sentencing Guidelines* the defendant, DANIEL RAY CALDWELL, submits the following supplemental memorandum in aid of sentencing:

**Need to Avoid Unwarranted Disparities**

Title 18 U.S.C. § 3553(a) requires this Honorable Court to avoid unwarranted disparities in fashioning an appropriate sentence. Mr. Caldwell avers that a sentence of 48 months of incarceration would avoid unwarranted disparities. Such a sentence would be consistent with those previously imposed on similarly situated defendants. Further, for the reasons detailed below, a sentence of 63 months as recommended by the government would represent an unwarranted disparity.

The Supreme Court has long held that "'[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue.'" *Koon v. United States*, 518 U.S. 81, 113, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996).

As this Honorable Court is aware, Mr. Caldwell does not stand alone as an individual convicted of criminal conduct arising out of the events at the U.S. Capitol on January 6, 2021. Reportedly, more than 900 defendants have been charged. Those charged have faced a myriad of criminal allegations. Some have been held accountable for misdemeanor offenses, while others like Mr. Caldwell faced prosecutions for felony offenses.

Mr. Caldwell stands convicted of violation of Title 18 U.S.C. § 111(a) and (b). In order to evaluate the appropriateness of any sentence to be imposed this Honorable Court should consider sentences imposed on other individuals convicted of the same offense. The sentence imposed on such individuals should not be the lone fact considered. It is equally important that the Court consider (1) comparable conduct, (2) criminal histories, (3) acceptance of responsibility, and (4) post-offense conduct. While this may not be an exhaustive list of facts to consider it offers a baseline for the Court to determine whether a sentence imposed on Mr. Caldwell creates an unwarranted disparity.

The table below is a compilation of cases involving similarly situated defendants such as Mr. Caldwell. Each were convicted of a violation of Title 18 U.S.C. § 111(a) and (b). The longest sentence imposed was 120 months of incarceration. Two of the listed defendants received sentences as recommended by the government for Mr. Caldwell, 63 months. A careful review of the comparable conduct, criminal histories, acceptance of responsibility, and post-offense conduct would lead to the conclusion that Mr. Caldwell is clearly distinguishable. His conduct on January 6 did not rise to the level of these defendants. In some cases his criminal history is not as significant. Unlike others, Mr. Caldwell has fully accepted responsibility for his actions. Also noteworthy, his post-offense conduct compares favorably to some of those who have received the harshest sentences.

| Defendant | Case # | Offense of Conviction | Government Recommendation | Sentence Imposed Name |
|---|---|---|---|---|
| Palmer, Robert | 1:21-CR-00328-TSC | 18 U.S.C. § 111(a) and (b) | 63 months' incarceration 36 months' supervised release $2000 restitution | 63 months' incarceration 36 months' supervised release $2000 restitution |
| Languerand, Nicholas | 1:21-CR-00353-JDB | 18 U.S.C. § 111 (a) and (b) | 51 months' incarceration 36 months' supervised release $2000 restitution | 44 months' incarceration 24 months' supervised release 60 hours' community service $2000 restitution |
| Ponder, Mark | 1:21-CR-00259-TSC | 18 U.S.C. § 111(a)(1) and (b) | 60 months' incarceration 36 months' supervised release $2000 restitution | 63 months' incarceration 36 months' supervised release $2000 restitution Mental health treatment |
| Webster, Thomas | 1:21-CR-00208 – APM | 18 U.S.C. § 111(a)(1), (b); 18 U.S.C. § 231(a)(3); 18 U.S.C. § 1752(a)(1), (b)(1)(A), 18 U.S.C. § 1752(a)(2), (b)(1)(A); 18 U.S.C. § 1752(a)(4), (b)(1)(A); 40 U.S.C. § 5104(e)(2)(F) | 210 months' incarceration 36 months' supervised release $2,060 restitution | 120 months' incarceration 36 months' supervised release $2,060 restitution |
| Denney, Lucas | 1:22-CR-00070 - RDM | 18 U.S.C. § 111b | A term of incarceration in the middle of the guideline range 36 months' supervised release | 52 months' incarceration 36 months' supervised release |
| Mazza, Andrew Mark | 1:21-CR-00736 – JEB | 18 U.S.C. § 111(a)(1) and (b); 22 D.C. Code § 4504 | 78 months' incarceration 36 months' supervised release $2,150 restitution | 60 months' incarceration 36 months' supervised release $2,000 restitution |

1. Robert Palmer.

Mr. Palmer was convicted of a violation of Title 18 U.S.C. § 111(a) and (b). Mr. Palmer's advisory guideline range was 63-78 months. Mr. Palmer entered a guilty plea like Mr. Caldwell. After entering his guilty plea Mr. Palmer made social media post indicating that his

3

assaults on law enforcement were justified. He falsely claimed he acted in self-defense. This is distinguishable from the post-plea conduct of Mr. Caldwell. He has not made such false claims. Instead, he has fully embraced his wrongdoing.

Throughout the attack on the Capitol Mr. Palmer assaulted multiple law enforcement officers. Each assault was separate from one another. They were distinct in victim, weapon used, and time. Mr. Palmer physically assaulted no less than 4 individual law enforcement officers. He employed a fire extinguisher, and flagpole to accomplish his attacks. Again, in comparison, Mr. Caldwell committed a single act of spraying an aerosol in the direction of law enforcement officers.

Given the clear distinction in gravity of conduct committed by Mr. Palmer verses that committed by Mr. Caldwell their sentences should not be the same. Mr. Palmer's false and incendiary post plea statements should also not be ignored. It provides further reason to draw a distinction between his sentence and the appropriate sentence for Mr. Caldwell. Mr. Palmer was sentenced to 63 months. The government now recommends the same sentence for Mr. Caldwell.

2. Nicholas Languerand.

Mr. Languerand was convicted of a violation of Title 18 U.S.C. § 111(a) and (b). At sentencing the government advocated for a sentence of 51 months, a sentence far less than that advocated for Mr. Caldwell. Judge Bates imposed a sentence of 44 months. The sentence imposed by Judge Bates is approximately 2/3 in length of the sentence recommended by the government for Mr. Caldwell. Mr. Languerand's ultimate sentence is consistent to that which is recommended by the defense for Mr. Caldwell. It was below the advisory guideline range.

In comparing Mr. Languerand's conduct to Mr. Caldwell it is significant to note that Mr. Languerand participated in the physical breach of the U.S. Capitol. While Mr. Caldwell

admittedly entered the Capitol he did not actively participate in the physical breach. We submit this is a significant distinguishing fact that mitigates in favor of Mr. Caldwell receiving a sentence equal to are less than Mr. Languerand.

Prior to January 6, 2021, Mr. Languerand expressed on social media his clear intention to commit violence in order to overthrow the 2020 presidential election results. In comparison, there is no evidence of Mr. Caldwell expressing similar intentions. Instead, Mr. Caldwell appeared at the Capitol with the intent to participate in the demonstration. This is an additional reason to distinguish Mr. Caldwell's sentence. Someone expressing intent to commit treason is much more troubling.

Mr. Languerand was a criminal history category I. Mr. Caldwell is equally a criminal history category I. Mr. Languerand advisory guideline range was 46-57 months. Mr. Caldwell's advisory guideline range is 63-78 months. Mr. Languerand received a sentence below the advisory range. He received a sentence of 44 months. Mr. Caldwell also deserves a sentence below the advisory range.

3. Mark Ponder

Mr. Ponder was convicted of a violation of Title 18 U.S.C. § 111(a) and (b). Mr. Ponder received a sentence of 63 months. Unlike Mr. Caldwell, he was a convicted felon prior to sustaining his conviction as a result of January 6. Mr. Ponder's criminal history included multiple crimes of violence such as robbery, attempted robbery, and burglary. On January 6, 2021, Mr. Ponder wielded a metal pole and attacked multiple law enforcement officers. Mr. Ponder appeared, departed, and returned to the Capitol on multiple occasions. On each occasion he committed violent assaults on law enforcement officers. This is in far contrast to Mr. Caldwell's

single act of discharging an aerosol. Mr. Caldwell's sentence should not be equal to that of Mr. Ponder. It should be lower.

4. Webster Thomas

Mr. Thomas was convicted of a violation of Title 18 U.S.C. § 111(a) and (b) among various other crimes. Unlike Mr. Caldwell, Mr. Thomas exercised his right to a jury trial. He did not accept responsibility. The low end of Mr. Thomas' advisory guideline range was 210 months. Mr. Thomas received a sentence of 120 months, nearly ½ of the low end of the advisory guideline range.

Like Mr. Caldwell, Mr. Thomas was a military veteran. Both served in the United States Marines. Each received multiple certificates of accommodation for their respective service. In sentencing Mr. Thomas Judge Mehta noted his military service as a justification for a deviation from the advisory guideline range.

Mr. Caldwell's prior military service to this country should also be taken into account. Like with Mr. Thomas, Mr. Caldwell's exemplary record in the United States Marines justifies a deviation. We submit a sentence of 48 month would be justified.

5. Lucas Denney

Mr. Denney was convicted of a violation of Title 18 U.S.C. § 111(a) and (b). Unlike Mr. Caldwell he travelled to Washington, DC on January 6, 2021 as part of a para-military group with the intent to commit violence. Mr. Denney was the leader of the militia called the Patriot Boys of North Texas. Again, Mr. Caldwell was not a member of any such group. Among other nefarious acts, the Patriot Boys of North Texas gathered weapons to be used in the assault. They further recruited others to join their criminal conspiracy. Mr. Caldwell did no such things.

Among other things, Mr. Denney deployed pepper spray and used a pole to assault numerous law enforcement officers. His actions resulted in at least one officer suffering substantial physical injuries.

After the attack on the Capitol Mr. Denney attempted to destroy evidence by deleting evidence from his social media accounts. He further lied to FBI agents concerning his involvement in the attacks. Mr. Caldwell did not do the same.

Mr. Denney received a sentence of 52 months. His sentence is 9 months shorter than the sentence recommended, 63 months, by the government for Mr. Caldwell. While Mr. Caldwell served his country in the United States Marines, Mr. Denney was a former long-term member of law enforcement. Mr. Caldwell's service deserves no less consideration than Mr. Denney's. There is no justification for treating Mr. Caldwell more harshly than Mr. Denney. To the contrary, the aforementioned justifies a lower sentence for Mr. Caldwell.

6. Andrew Mark Mazza

Mr. Mazza was convicted of a violation of Title 18 U.S.C. § 111(a) and (b). Unlike Mr. Caldwell, he travelled to Washington, DC armed with loaded firearms. One of the firearms was loaded with hollow point bullets designed to maximize injuries to a shooting victim. Mr. Mazza carried these weapons to the Capitol. While armed with these weapons he attacked several law enforcement officers with a stolen baton forcefully taken from an officer. He also, unlike Mr. Caldwell, attempted to physically breach the Capitol.

Mr. Mazza's advisory guideline range was 51-71 months. He was sentenced to 60 months. That sentence is 3 months lower than the sentence recommended by the government for Mr. Caldwell. Given the difference between Mr. Mazza and Mr. Caldwell's conduct it is unfair for there to be such a difference in relative outcomes.

**Conclusion**

Wherefore the defendant, **DANIEL RAY CALDWELL**, respectfully requests that this Honorable Court, for the reasons stated herein and those described in his previously filed Memorandum in Aid of Sentencing, sentence him to a period of 48 months of incarceration followed by a period of supervised release. In addition to other reasons, such a sentence would avoid unwarranted disparities.

I ASK FOR THIS:

_____/s/_____
Robert L. Jenkins, Jr., Esq.
United States District Court Bar No.: CO0003
Bynum & Jenkins Law
1010 Cameron Street
Alexandria, Virginia 22314
(703) 309 0899 Telephone
(703) 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant DANIEL RAY CALDWELL

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and accurate copy of the foregoing to be served upon all counsel of record via ECF on January 20, 2023.

_____/s/_____
Robert L. Jenkins, Jr., Esq.
United States District Court Bar No.: CO0003
Bynum & Jenkins Law
1010 Cameron Street
Alexandria, Virginia 22314
(703) 309 0899 Telephone
(703) 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant DANIEL RAY CALDWELL